IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SARA L. CREECH,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>Defendant. | Cause No. CV-13-72-SEH-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF<br>UNITED STATES MAGISTRATE JUDGE |

## I. Synopsis

Plaintiff Sara Creech ("Ms. Creech") applied for disability benefits under the Social Security Act. The Administrative Law Judge ("ALJ") determined that while Ms. Creech has a severe impairment, Ms. Creech also has the residual functional capacity to work, and is not entitled to benefits. Ms. Creech seeks judicial review of that determination.

Summary judgment should be granted in favor of the defendant. The ALJ properly considered the evidence in the record before him.

1

## II. Jurisdiction

Jurisdiction vests pursuant to 42 U.S.C. § 405(g). Senior United States District Judge Sam Haddon referred this case to the undersigned for the submission of proposed findings and recommendations on January 10, 2014. (Doc. 19.)

## III. Status

**Social Security case**

Ms. Creech seeks Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.

Ms. Creech applied for benefits in September 2010. Tr. 12. She alleged that she had been disabled since November 7, 2008. Tr. 12. Her application was denied initially in March 2011, and again upon reconsideration in July 2011. Tr. 12. At Ms. Creech's request, a hearing was held in March 2012. Tr. 12; tr. 26-68. The ALJ denied benefits on April 3, 2012. Tr. 9.

Ms. Creech appealed, and submitted additional materials to the Social Security Administration Appeals Council. In April 2013, the Appeals Council denied Mr. Lake's request for review, making the ALJ's April 2012, decision the final decision of the Commissioner. Tr. 1-3.

The parties have filed cross motions for summary judgment which are pending. (Docs. 9, 12.)

## IV. Standards

**Court review**

The Court's review in this case is limited. The Commissioner's decision may be set aside only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing *Delgado v. Heckler*, 722 F.2d 570, 572) (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986) (*citing Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985)). While the Court may not substitute its findings for those of the ALJ, it may reject findings not supported by the record. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

**Disability determination**

A claimant is disabled for purposes of the Social Security Act if: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. *Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. *Id.* at 946.

- At step one, the claimant must show he is not currently engaged in substantial gainful activity.

- At step two, the claimant must show he has a severe impairment.

- At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments.

- Step four provides that if the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments.

4

- If that case is made, at step five the burden shifts to the Commissioner to prove that the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity.

*Jones*, 760 F.2d at 995.

## V. Factual Allegations

**ALJ's Determination**

At step one, the ALJ found that Ms. Creech had not engaged in substantial gainful activity since her alleged disability onset date. Tr. 14.

At step two, the ALJ found that Ms. Creech had two severe impairments: degenerative disc disease status multiple surgical procedures, and hypertension. Tr. 14. The ALJ also concluded that Ms. Creech had non-medically determinable impairments, specifically anxiety and depression. Tr. 14-15.

At step three, the ALJ found that Ms. Creech's conditions did not satisfy the criteria of the Listing of Impairments. Tr. 15. The ALJ stated that there was no evidence of neurological deficits, spinal arachnoiditis, or lumbar spinal stenosis with pseudoclaudication. Tr. 15.

At step four, the ALJ found that Ms. Creech is able to perform her past relevant work as an assistant manager and secretary or office worker. Tr. 18-19.

At step five, the ALJ found that Ms. Creech has the residual functional capacity to perform sedentary work, as defined by 20 C.F.R. 404.1567(a) and

416.967(a). Tr. 15. The ALJ found that jobs exist in significant numbers in the national economy that Ms. Creech can perform. Tr. 19. Therefore, the ALJ concluded that Ms. Creech is not disabled within the meaning of the Social Security Act. Tr. 20.

**Plaintiff's arguments**

Ms. Creech contends the ALJ's determination is based on legal error. Specifically, Ms. Creech argues the ALJ erred by:

1. Failing to provide proper weight without sufficient reasons, or in the alternative, to accept the test findings, surgical findings, and examination findings of Ms. Creech's treating physicians. Ms. Creech argues the ALJ rejected the opinions of Drs. Nichols, McDowell, Otsby, and PA-C Jennifer Kuhr.

2. Discrediting Ms. Creech's testimony for improper or insufficient reasons. Ms. Creech argues the ALJ should not have discredited her testimony.

(Doc. 18.)

### VI. Analysis

The ALJ properly explained the weight that had been accorded to test findings, surgical findings, and examination findings. Tr. 15-18. The ALJ identified specifically those portions of medical evidence in the record which the ALJ found most persuasive: the undated disability report; the November 16, 2010, function report; Ortho Montana progress notes covering September 30, 2008, until June 8, 2009; the November 3, 2008, report from PA-C Jennifer Kuhr; a Saint

Vincent Hospital's November 7, 2008, operative report; Dr. Mitgang's February 7, 2011, Consultative Examination report; Dr. Nichols' reports covering September 1, 2009, until May 11, 2011; and Dr. Otsby's March 2, 2011, Mental Status Evalyation. Tr. 15-18. The ALJ accorded "great weight" to several of these opinions. Tr. 17. The ALJ noted specifically that the unfavorable "residual function capacity assessment is supported by the lack of objective medical evidence." Tr. 18. The ALJ's explicit reliance, with "great weight," surmounts Ms. Creech's contention that the ALJ failed to provide proper weight without sufficient reasons, or to accept medical evidence. Tr. 17, 18.

The ALJ further gave adequate[1] reasons to discredit Ms. Creech's testimony. The ALJ identified Ms. Creech's "reported activities of daily living that are contradictory to her allegations." Tr. 18. The reported activities included "bending, stooping, [] crouching," and "climbing stairs on a daily basis." Tr. 17. These inconsistencies provided a sufficient basis for the ALJ to discredit Ms. Creech's testimony. *See* 20 C.F.R. § 404.1529 (Social Security Administration

---

[1]There is some confusion as to the Ninth Circuit's standard for reviewing an ALJ's claimant-credibility determination. *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991) (en banc), held that the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds." Subsequently, some Ninth Circuit panels have required "clear and convincing" reasons to reject a claimant's testimony. See e.g. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). *Bunnell*, however, has not been overturned. See *United States v. Camper*, 66 F.3d 229, 232 (9th Cir. 1995) (only court sitting en banc can overturn en banc precedent). Either standard is satisfied in this case.

considers inconsistencies in the evidence, conflicts between claimant's statements and other evidence, claimant's history, the signs and laboratory findings, and statements by other sources).

## VII. Conclusion

Therefore, it is **RECOMMENDED**:

1. That the District Court should **DENY** Plaintiff's motion for summary judgment, (Doc. 9);

2. That the District Court should **GRANT** the Defendant's motion for summary judgment, (Doc. 12);

3. The District Court should direct the Clerk to enter judgment in favor of the defendant.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure

to timely file written objections may bar a de novo determination by the district judge.

DATED this 25th day of March, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge